**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAY JACKSON, | : | |
| | : | Civil Action No. 08-3298(CDJ) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNISYS CORPORATION, | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant. | : | |
| | : | |

## **ORDER**

AND NOW, this _____ day of _____, 2009, upon consideration of Defendant's Motion to Compel Pursuant to Fed. R. Civ. P. 37 and Local Rules 26.1(b) and (f) and Plaintiff's response thereto, it is hereby:

ORDERED and DECREED that the motion of Defendant Unisys Corporation ("Unisys") is GRANTED and that Plaintiff shall, within ten (10) days of this Order, provide the income-related documents requested by Unisys in Document Request No. 16 directed to Plaintiff and shall execute an authorization in the form attached hereto for the release of Plaintiff's tax returns to counsel for Defendant for the years 2000 to the present.

BY THE COURT:

_____
Jones, J.

2503816v2

| Form **4506** (Rev. October 2008) Department of the Treasury Internal Revenue Service | **Request for Copy of Tax Return** ▶ **Do not sign this form unless all applicable lines have been completed. Read the instructions on page 2.** ▶ **Request may be rejected if the form is incomplete, illegible, or any required line was blank at the time of signature.** | OMB No. 1545-0429 |
|---|---|---|

**Tip:** You may be able to get your tax return or return information from other sources. If you had your tax return completed by a paid preparer, they should be able to provide you a copy of the return. The IRS can provide a **Tax Return Transcript** for many returns free of charge. The transcript provides most of the line entries from the tax return and usually contains the information that a third party (such as a mortgage company) requires. See **Form 4506-T,** Request for Transcript of Tax Return, or you can call 1-800-829-1040 to order a transcript.

| | | |
|---|---|---|
| 1a | Name shown on tax return. If a joint return, enter the name shown first. | 1b First social security number on tax return or employer identification number (see instructions) |
| 2a | If a joint return, enter spouse's name shown on tax return. | 2b Second social security number if joint tax return |
| 3 | Current name, address (including apt., room, or suite no.), city, state, and ZIP code | |
| 4 | Previous address shown on the last return filed if different from line 3 | |
| 5 | If the tax return is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number. The IRS has no control over what the third party does with the tax return. | |

**Caution:** *DO NOT SIGN* this form if a third party requires you to complete Form 4506, and lines 6 and 7 are blank.

6 **Tax return requested.** (Form 1040, 1120, 941, etc.) and all attachments as originally submitted to the IRS, including Form(s) W-2, schedules, or amended returns. Copies of Forms 1040, 1040A, and 1040EZ are generally available for 7 years from filing before they are destroyed by law. Other returns may be available for a longer period of time. Enter only one return number. If you need more than one type of return, you must complete another Form 4506. ▶ _____
   **Note.** *If the copies must be certified for court or administrative proceedings, check here.* . . . . . . . . . . . . . . . ☐

7 **Year or period requested.** Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than eight years or periods, you must attach another Form 4506.

   ____ / ____ / _____    ____ / ____ / _____    ____ / ____ / _____    ____ / ____ / _____

   ____ / ____ / _____    ____ / ____ / _____    ____ / ____ / _____    ____ / ____ / _____

8 **Fee.** There is a $57 fee for each return requested. **Full payment must be included with your request or it will be rejected.** Make your check or money order payable to "United States Treasury." Enter your SSN or EIN and "Form 4506 request" on your check or money order.

| | | |
|---|---|---|
| a | Cost for each return . . . . . . . . . . . . . . . . . . . . . . . . . | $   57.00 |
| b | Number of returns requested on line 7 . . . . . . . . . . . . . . . . . . . | |
| c | Total cost. Multiply line 8a by line 8b . . . . . . . . . . . . . . . . . . . | $ |

9 If we cannot find the tax return, we will refund the fee. If the refund should go to the third party listed on line 5, check here . . ☐

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, **either** husband or wife must sign. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer.

Telephone number of taxpayer on line 1a or 2a
(    )

**Sign Here**
▶ **Signature** (see instructions)    Date
▶ **Title** (if line 1a above is a corporation, partnership, estate, or trust)
▶ **Spouse's** signature    Date

**For Privacy Act and Paperwork Reduction Act Notice, see page 2.**    Cat. No. 41721E    Form **4506** (Rev. 10-2008)

## General Instructions

*Section references are to the Internal Revenue Code.*

**Purpose of form.** Use Form 4506 to request a copy of your tax return. You can also designate a third party to receive the tax return. See line 5.

**How long will it take?** It may take up to 60 calendar days for us to process your request.

**Tip.** Use Form 4506-T, Request for Transcript of Tax Return, to request tax return transcripts, tax account information, W-2 information, 1099 information, verification of non-filing, and record of account.

**Where to file.** Attach payment and mail Form 4506 to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual returns (Form 1040 series) and one for all other returns.

If you are requesting a return for more than one year and the chart below shows two different RAIVS teams, send your request to the team based on the address of your most recent return.

**Note.** *You can also call 1-800-829-1040 to request a transcript or get more information.*

## Chart for individual returns (Form 1040 series)

| If you filed an individual return and lived in: | Mail to the "Internal Revenue Service" at: |
|---|---|
| District of Columbia, Maine, Maryland, Massachusetts, New Hampshire, New York, Vermont | RAIVS Team Stop 679 Andover, MA 05501 |
| Alabama, Delaware, Florida, Georgia, North Carolina, Rhode Island, South Carolina, Virginia | RAIVS Team P.O. Box 47-421 Stop 91 Doraville, GA 30362 |
| Kentucky, Louisiana, Mississippi, Tennessee, Texas, a foreign country, or A.P.O. or F.P.O. address | RAIVS Team Stop 6716 AUSC Austin, TX 73301 |
| Alaska, Arizona, California, Colorado, Hawaii, Idaho, Iowa, Kansas, Minnesota, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Utah, Washington, Wisconsin, Wyoming | RAIVS Team Stop 37106 Fresno, CA 93888 |
| Arkansas, Connecticut, Illinois, Indiana, Michigan, Missouri, New Jersey, Ohio, Pennsylvania, West Virginia | RAIVS Team Stop 6705–S-2 Kansas City, MO 64999 |

## Chart for all other returns

| If you lived in or your business was in: | Mail to the "Internal Revenue Service" at: |
|---|---|
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Florida, Georgia, Hawaii, Idaho, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Tennessee, Texas, Utah, Washington, Wyoming, a foreign country, or A.P.O. or F.P.O. address | RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |
| Connecticut, Delaware, District of Columbia, Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia, West Virginia, Wisconsin | RAIVS Team P.O. Box 145500 Stop 2800 F Cincinnati, OH 45250 |

## Specific Instructions

**Line 1b.** Enter your employer identification number (EIN) if you are requesting a copy of a business return. Otherwise, enter the first social security number (SSN) shown on the return. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Signature and date.** Form 4506 must be signed and dated by the taxpayer listed on line 1a or 2a. If you completed line 5 requesting the return be sent to a third party, the IRS must receive Form 4506 within 60 days of the date signed by the taxpayer or it will be rejected.

*Individuals.* Copies of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506 exactly as your name appeared on the original return. If you changed your name, also sign your current name.

*Corporations.* Generally, Form 4506 can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer.

*Partnerships.* Generally, Form 4506 can be signed by any person who was a member of the partnership during any part of the tax period requested on line 7.

*All others.* See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the Letters Testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506 for a taxpayer only if this authority has been specifically delegated to the representative on Form 2848, line 5. Form 2848 showing the delegation must be attached to Form 4506.

---

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested return(s) under the Internal Revenue Code. We need this information to properly identify the return(s) and respond to your request. Sections 6103 and 6109 require you to provide this information, including your SSN or EIN, to process your request. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, and the District of Columbia for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506 will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10 min.; **Preparing the form,** 16 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506 simpler, we would be happy to hear from you. You can write to Internal Revenue Service, Tax Products Coordinating Committee, SE:W:CAR:MP:T:T:SP, 1111 Constitution Ave. NW, IR-6526, Washington, DC 20224. Do not send the form to this address. Instead, see *Where to file* on this page.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAY JACKSON, | : | |
| | : | Civil Action No. 08-3298(CDJ) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNISYS CORPORATION, | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant. | : | |
| | : | |

## DEFENDANT'S MOTION TO COMPEL PURSUANT TO FED. R. CIV. P. 37 AND LOCAL RULES 26.1(b) AND (f)

Defendant Unisys Corporation moves this Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to compel Plaintiff Ray Jackson to produce documents relating to income earned by Plaintiff from January 1, 2000 to the present, as requested in Defendant's First Request for Production of Documents. The grounds for this motion are more fully set forth in the attached memorandum of law.

Respectfully submitted,

Dated:  December 15, 2009

*/s/ Carmon M. Harvey*
Edward T. Ellis (Pa. I.D. No. 23680)
Carmon M. Harvey (Pa. I.D. No. 91444)
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109
(215) 772-1500

*Counsel for Defendant Unisys Corporation*

2503816v2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAY JACKSON, | : | |
| | : | Civil Action No. 08-3298(CDJ) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNISYS CORPORATION, | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant. | : | |
| | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PURSUANT TO FED. R. CIV. P. 37 AND LOCAL RULES 26.1(b) AND (f)

This is an employment discrimination action in which the plaintiff Ray Jackson ("Jackson") originally made claims under the Pennsylvania Human Relations Act ("PHRA"), the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA"). On October 6, 2008, Defendant Unisys Corporation ("Unisys") moved to dismiss all counts of the Complaint except the ADA claim set forth in Count III. The Court granted Unisys' motion on May 15, 2009, leaving a single count of refusal to hire arising under the ADA. The refusal to hire that lies at the heart of the case occurred in July 2005.

Unisys seeks through this motion to compel the production of documents evidencing Plaintiff's income from January 1, 2000 to the present so that Unisys may determine whether Plaintiff has mitigated his damages. Notwithstanding a specific document request that seeks these documents, and many follow-up requests for this information, Plaintiff has produced no documents regarding his income or efforts to mitigate his damages.

Accordingly, Unisys moves this Court to compel the production of these documents.

**I.      FACTUAL BACKGROUND**

On April 22, 2009, Unisys served on Plaintiff document requests. In these document requests, Unisys sought evidence of Plaintiff's income for the purposes of assessing Plaintiff's mitigation efforts. Plaintiff objected to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Counsel for Plaintiff subsequently has stated Plaintiff's position that he is obligated to identify his sources of "earned income" only and to produce only the IRS Form W-2s and 1099s that he has for his employment after Unisys. To date, Plaintiff has produced to Unisys no documents responsive to this document request or that otherwise touch on evidence of mitigation.[1] It is Unisys' position that it is entitled to all evidence of Plaintiff's income so that Unisys can evaluate whether Plaintiff's "earned" and "unearned" income since his time with Unisys should properly be used to offset his claimed damages.

**II.     LEGAL ARGUMENT:  PLAINTIFF HAS REFUSED TO PROVIDE ANY INFORMATION OR DOCUMENTS REGARDING HIS INCOME OR MITIGATION OF DAMAGES.**

"It is well established that the scope and conduct of discovery are well within the sound discretion of the trial court." *Waters v. Genesis Health Ventures, Inc.*, Civ. A. No. 03-2909, 2004 U.S. Dist. LEXIS 12210, at *3 (E.D. Pa. June 24, 2004) (quoting *Gaul v. Zep Mfg. Co.*, Civ. A. No. 03-2439, 2004 U.S. Dist. LEXIS 1990, at *2-*3 (E.D. Pa. Feb. 5, 2004)). In the event a party receives evasive or incomplete discovery responses, that party may file a motion to compel disclosure of the materials sought pursuant to Fed. R. Civ. P. 37. Courts in this Circuit follow a two-part test to determine whether tax returns in a given case are discoverable. *Fort Washington Resources, Inc. v. Tannen*, 153 F.R.D. 78, 80 (E.D. Pa. 1994). Initially, the party

---

[1]      Unisys has received limited income-related documents obtained through a third-party subpoena directed to a subsequent employer, including Plaintiff's W2s from that employer for 2006 and 2007.

seeking discovery bears the burden to prove that the tax returns are relevant. *Id.* "If relevant, the tax returns will be discoverable unless the party resisting discovery meets its burden of proving there is no compelling need for the tax returns because the information available in the tax returns can be obtained from other sources." *Id.*

Plaintiff has sought back pay and front pay arising from his claim that he was discriminated against on account of his alleged disability. In order to properly assess Plaintiff's claimed damages, Unisys has made the following discovery request of Plaintiff:

> All documents relating to or evidencing income earned by Plaintiff from January 1, 2000 to the present, including but not limited to pay stubs, federal tax returns, and IRS Forms 1040 and W-2.

(*See* Plaintiff's Responses to Defendant's Requests for Production, Doc. Req. No. 16, p. 5, attached hereto as Exhibit 1.) Plaintiff's June 26, 2009 response states:

> Plaintiff objects to this request to the extent it calls for documents related to his income other than earned income on his Form 1040 or tax returns as overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information prior to his termination from Unisys as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

(*See id.*) Plaintiff has produced no documents in response to this request. Plaintiff's counsel has expressed a willingness to provide IRS Forms W-2 and 1099 dated after Plaintiff's employment with Unisys ended in 2005, but he has not done so.

Unisys is entitled to know all sources of Plaintiff's income for the period in question in order to determine whether he has income from sources that he would have were he still a Unisys employee. Plaintiff may have "unearned" income from activities that he has time to do but that he would not have time to do if he were employed – such as day trading on the stock market or gambling at a casino. Since sources of "unearned" income would not be apparent on IRS Forms

-3-

W2 and 1099, Unisys is entitled to evaluate all of Plaintiff's income as reflected on his tax returns.  Unisys selected 2000 as the starting point for income-related records so that it can distinguish between income that Plaintiff received post-Unisys that should be applied to his mitigation efforts from income that he would have received even though he had a job.  The time period enables the defense to establish a baseline for Plaintiff's income before and after the events alleged in the Complaint, to the present, to determine whether any of Plaintiff's income – whether "earned" or "unearned' – should count towards mitigation.

Accordingly, Unisys requests that this Court compel Plaintiff to produce all documents related to or evidencing his income from January 1, 2000 to the present, including pay stubs, tax returns, and IRS Forms 1040, 1099, and W-2, as well as the tax return release form attached to the proposed Order.

### III.   CONCLUSION

Unisys respectfully requests that this Court grant its motion and compel Plaintiff to produce the requested documents.

Respectfully submitted,

Dated:  December 15, 2009

*/s/ Carmon M. Harvey*
Edward T. Ellis (Pa. I.D. No. 23680)
Carmon M. Harvey (Pa. I.D. No. 91444)
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109
(215) 772-1500

*Counsel for Unisys Corporation*

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
_____
RAY JACKSON                            :
                                       :
        Plaintiff                      :   Civil Action No. 08-3298
                                       :
    v.                                 :
                                       :
UNISYS CORPORATION                     :
                                       :
        Defendant.                     :
_____:
```

**PLAINTIFF'S RESPONSES TO DEFENDANT'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

1. All documents relating to Plaintiff's employment with Unisys.

**RESPONSE:**

Plaintiff objects to this request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for the production of all such documents that relate to Plaintiff's <u>entire</u> employment with Unisys. Plaintiff is willing to produce documents limited temporally and/or by subject matter.

2. All documents that Plaintiff contends support his claim that Unisys violated the Pennsylvania Human Relations Act.

**RESPONSE:**

Plaintiff objects to this request as overbroad in light of the fact that the Court has dismissed his Counts under the PHRA. Plaintiff further objects to this request to the extent that by calling for documents that "support" (as opposed to "relate to") his claim, the response would violate the attorney work product doctrine. Plaintiff further objects to the extent that the response would violate the attorney work product doctrine.

3. All documents that Plaintiff contends support his claim that Unisys violated the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. § 623(a)(1) and 623(a)(2).

**RESPONSE:**

Plaintiff objects to this request as overbroad in light of the fact that the Court has dismissed his Counts under the ADEA. Plaintiff further objects to this request to the extent that by calling for documents that "support" (as opposed to "relate to") his claim, the response would

violate the attorney work product doctrine. Plaintiff further objects to the extent that the response would violate the attorney work product doctrine.

    4.    All documents that Plaintiff contends support his claim that Unisys violated the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. § 12101 *et seq.*

**RESPONSE:**

Plaintiff objects to this request to the extent that by calling for documents that "support" (as opposed to "relate to") his claim, the response would violate the attorney work product doctrine. Plaintiff further objects to the extent that the response would violate the attorney work product doctrine.

Plaintiff will produce all documents reasonably related to Plaintiff's claim.

    5.    All notes, correspondence or memoranda between Plaintiff (or any person acting on his behalf) and any agent, representative, or current or former employee of Unisys that relate to the subject matter of this lawsuit.

**RESPONSE:**

Plaintiff objects to the term "relate to the subject matter of this lawsuit" as vague.

Plaintiff will produce any such documents, subject to this objection.

    6.    All documents referred to in the Amended Complaint.

**RESPONSE:**

Plaintiff will produce any such documents.

    7.    All documents supporting Plaintiff's claim in paragraph 8 of the Amended Complaint that he has a "severe autoimmune disorder," including medical records reflecting Plaintiff's symptoms and limitations as a result of the alleged condition. Attached is a release form for medical records. Please complete one form for each medical or mental health provider you have seen in connection with your alleged "severe autoimmune disorder," or complete a similar medical release of your choosing.

**RESPONSE:**

Plaintiff objects to this request to the extent that it would require every possible document relating to his disorder as overbroad. Notwithstanding said objection, plaintiff will execute an appropriate release to enable defendant to obtain plaintiff's medical records establishing the existence of his medical condition, the limitations caused thereby, and other information needed for defendant to determine whether plaintiff's condition qualifies as a "disability" within the

Americans with Disabilities Act, and/or whether the limitations would prevent him from being an "otherwise qualified individual" with such disability, provided that defendant further agree to an appropriate confidentiality agreement, limiting the use of such information to this lawsuit and agreeing to take appropriate steps to limit the disclosure on the public docket.

8.  All documents that relate to Plaintiff's claims for damages, including medical records reflecting physical and emotional damage. Please complete one medical release form for each medical or mental health provider you have seen in connection with the allegations of the Amended Complaint, including all medical providers identified in response to Interrogatory No. 7, served concurrently herewith.

**RESPONSE:**

Plaintiff will produce any such documents, subject to the terms and conditions set forth in his response to request no. 7.

9.  All documents relating to any employment that Plaintiff has inquired about, applied for, or obtained from January 1, 2000 to the present, including during his time as an employee with Unisys.

**RESPONSE:**

Plaintiff objects to this request to the extent it requests documents prior to the termination of his employment at Unisys in May, 2005 as overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

10.  All audio, video, or other recordings, and notes or transcriptions of any audio, video, or other recordings, that relate in any way to the subject matter of this lawsuit.

**RESPONSE:**

Plaintiff will produce any such documents.

11.  All diaries, calendars, journals, or similar documents recording activities or events that relate in any way to Plaintiff's employment with Unisys and/or to the subject matter of this lawsuit.

**RESPONSE:**

Plaintiff objects to this request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for the production of all such documents that relate "in any way" to Plaintiff's employment with Unisys. Plaintiff is willing to produce documents limited temporally and/or by subject matter.

12. All documents exchanged between Plaintiff (including but not limited to Plaintiff's attorneys and other representatives) and any state or federal agency or department concerning his employment, including but not limited to claims for unemployment compensation, workers' compensation, short-term disability, long-term disability, social security disability, and discrimination since January 1, 1999.

**RESPONSE:**

Plaintiff objects to this request as overbroad and unduly burdensome. Plaintiff objects to this request as temporally overbroad. Subject to these objections, Plaintiff will produce such documents to the extent they relate to the medical condition at issue in this case, and his unemployment compensation claims since his termination from Unisys.

13. All documents that are referred to in Plaintiff's answers to Defendant's Interrogatories or that were referred to or relied upon by Plaintiff in the preparation of those answers to Interrogatories.

**RESPONSE:**

Plaintiff will produce any such documents.

14. The reports of all experts expected to testify in the trial of the above matter and all drafts thereof.

**RESPONSE:**

Plaintiff will produce any expert reports consistent with the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Eastern District of Pennsylvania, and the Court's scheduling Order.

Plaintiff objects to the drafts of such reports to the extent such drafts are protected by the attorney work-product doctrine.

15. All documents identified in Plaintiff's Initial Disclosures.

**RESPONSE:**

Plaintiff will produce any such documents.

16.     All documents relating to or evidencing income earned by Plaintiff from January 1, 2000 to the present, including but not limited to pay stubs, federal tax returns, and IRS Forms 1040 and W-2.

**RESPONSE:**

Plaintiff objects to this request to the extent it calls for documents related to his income other than earned income on his Form 1040 or tax returns as overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information prior to his termination from Unisys as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

17.     All documents that Plaintiff intends to use as exhibits at the trial of this case.

**RESPONSE:**

Plaintiff objects to this request to the extent that it calls for the production of documents he *intends* to use at trial as violative of the attorney work-product doctrine. By way of further response, plaintiff states that he has not yet determined what documents he intends to use as an exhibit at the trial of this case, and does not expect to make that determination until trial. Plaintiff reserves the right to seasonably supplement this response.

*Michael J. Salmanson*
_____
Michael J. Salmanson - ID. 46707
Scott B. Goldshaw - ID. 85492
Katie R. Eyer - ID. 200756
SALMANSON GOLDSHAW, P.C.
Two Penn Center
1500 J.F.K. Blvd., Suite 1230
Philadelphia, PA  19102
215-640-0593

Date:  June 26, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAY JACKSON : | |
| : | |
| Plaintiff : | Civil Action No. 08-3298 |
| : | |
| v. : | |
| : | |
| UNISYS CORPORATION : | |
| : | |
| Defendant. : | |

**CERTIFICATE OF SERVICE**

I, Michael J. Salmanson, attorney for Plaintiff, hereby certify that on June 26, 2009, I caused a true and correct copy of Plaintiff's Responses to Defendant's First Request for Production of Documents, to be sent by first class mail, postage prepaid, upon the following counsel of record:

> Carmon M. Harvey
> Montgomery, McCracken,
>   Walker & Rhoads, LLP
> 123 South Broad Street
> Philadelphia, PA 19109

_____
Michael J. Salmanson

## CERTIFICATE OF COUNSEL IN ACCORDANCE WITH LOCAL RULE 26.1(f)

      I, Carmon M. Harvey, hereby certify that Plaintiff and Unisys have made a reasonable effort through e-mail and telephone correspondence to resolve the discovery dispute that is the subject of this motion and are unable to do so.

                                                     */s/ Carmon M. Harvey*
                                                     Carmon M. Harvey

## CERTIFICATE OF SERVICE

I, Carmon M. Harvey, hereby certify that, on the 15th day of December, 2009, I served a true and correct copy of the foregoing Motion to Compel, Memorandum of Law in support thereof, proposed form of Order, and Certificate of Counsel by e-mail and U.S. First Class Mail, postage prepaid, upon the following individuals at the address indicated:

>Michael J. Salmanson
>SALMANSON GOLDSHAW, P.C.
>Two Penn Center
>1500 J.F.K. Blvd., Suite 1230
>Philadelphia, PA  19103
>215-640-0593
>
>*Attorney for Plaintiff*
>
>/s/ *Carmon M. Harvey*
>
>Carmon M. Harvey