**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAY JACKSON, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO.  08-3298 |
| | : | |
| v. | : | |
| | : | |
| UNISYS, INC., | : | |
| | : | |
| Defendant. | : | |

**Jones II, J.**                                                   **December 31, 2009**

## MEMORANDUM

Presently before the Court is Defendant Unisys Corporation's ("Unisys") Motion to

Compel discovery responses (Dkt. No. 23) ("Motion"), seeking to compel Plaintiff Ray Jackson

to produce documents relating to income earned by Plaintiff from January 1, 2000 to present, as

requested in Defendant's First Request for Production of Documents.  Upon review of the

Motion and Plaintiff's response to the Motion (Dkt. No. 26) ("Opp."), Defendant's Motion will

be DENIED.

## I.       BACKGROUND

Plaintiff brought this employment discrimination action against Defendant, his former

employer, on July 14, 2008, claiming violations of the Pennsylvania Human Relations Act, the

Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act

relating to his May 2005 termination and Unisys' July 2005 failure to rehire Plaintiff.[1]  On

October 6, 2008, Unisys moved to Dismiss all counts of the Complaint except the ADA claim set

---

[1]Plaintiff amended his Complaint on August 6, 2008 (Dkt. No. 2).

1

forth in Count III. On November 14, 2008, this case was reassigned from the Honorable Juan R. Sanchez to the Honorable C. Darnell Jones II. On May 18, 2009, the Court granted Unisys' Motion to Dismiss; the ADA claim (premised on a failure to rehire) proceeded to the discovery phase of this litigation (Dkt. No. 13).

Plaintiff seeks back pay and front pay arising from his claim that he was discriminated against on account of his alleged disability. On April 22, 2009, Unisys served its first set of document requests on Plaintiff. In its Document Request No. 16, Unisys demanded production of the following, in order to determine whether Plaintiff has mitigated his damages:

> all documents relating to or evidencing income earned by Plaintiff from January 1, 2000 to the present, including but not limited to pay stubs, federal tax returns, and IRS Forms 1040 and W-2.

Exhibit 1 to Motion at 5. Plaintiff has objected to this Request:

> to the extent it calls for documents related to his income other than earned income on his Form 1040 or tax returns as overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information prior to his termination from Unisys as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

*Id.* Unisys claims that Plaintiff has produced no documents in response to this request; Plaintiff contends that he produced a CD containing emails from his computer, evidencing his attempts to mitigate his damages, as well as relevant documents from his subsequent employers, Olympus and Lexis/Nexis. *See* Motion to Compel at 3; Opp. at 1-2 and Exhibits 2-4.[2] On December 15, 2009, Unisys filed this Motion, seeking all documents responsive to its Document Request No.

---

[2]According to Plaintiff, the Olympus documents included Plaintiff's offer letter with base salary, information related to Plaintiff's benefits, and correspondence related to Plaintiff's application and hire. *See* Opp. at 2 and Exhibit 4. Lexis/Nexis produced Plaintiff's complete personnel file, including a copy of Plaintiff's W-2s for 2006 and 2007, the years he worked at Lexis/Nexis. *See* Opp. at 2; Motion at 2 n.1.

16.

## II.    LEGAL STANDARD

The Federal Courts have broad discretion to manage discovery, *Sempier v. Johsnson*, 45 F.3d 724, 734 (3d Cir. 1995), and the Federal Rules have long permitted broad and liberal discovery. *Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999).  Pursuant to the Rule 26(b)(1), parties may obtain discovery regarding "any matter, not privileged, that is relevant to any parties claim or defense."  The information sought need not be admissible at trial, so long as it is reasonably calculated to lead to the discovery of admissible evidence.  *Id.*  Further, the Federal Rules' relevancy requirement is to be construed broadly, and material is relevant if it bears on, or reasonably could bear on, an issue that is or may be involved in the litigation.  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 (1978).

That being said, "[p]ublic policy favors the nondisclosure of income tax returns." *DeMasi v. Weiss*, 669 F.2d 114, 119 (3d Cir. 1982).  An individual's privacy interest in his tax returns must be weighed against factors including the opposing party's need for the information, its materiality, and its relevance.  *See id.* at 120.  Whether tax returns are discoverable turns on whether (1) the tax returns are relevant to the subject matter of the action; and (2) there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable.  *In re Sunrise Secs. Litig.,* 130 F.R.D. 560, 578 (E.D. Pa. 1989).  The party seeking the discovery at issue bears the burden of establishing its relevance, while the party resisting discovery bears the burden of establishing other sources for the information.  *Id.*

## III.    DISCUSSION

Unisys contends that Plaintiff's tax returns from 2000 to the present day are relevant to

the question of whether Plaintiff has mitigated his damages.[3] Specifically, Unisys argues that "Plaintiff may have 'unearned' income from activities that he has time to do but that he would not have time to do if he were employed–such as day trading on the stock market or gambling at a casino." Motion at 3. Plaintiff objects that his tax returns, if relevant at all, relate not to the question of whether he made reasonable attempts to mitigate his damages, but to the calculation of back pay and benefits lost as a form of damages. Opp. at 3 n.1.

Given that Plaintiff has placed his income in dispute by claiming he suffered a loss of wages, the Court cannot dispute that the information in Plaintiff's tax returns is relevant, particularly as it relates to the mitigation of damages. *See Haas v. Kohl's Dept. Store, Inc.*, Civil Action No. 09-CV-2507, 2009 WL 2030567, at *1 (E.D. Pa. July 7, 2009). Thus the Court's assessment turns on the availability of this information from other sources. In the course of his deposition, Plaintiff testified as to his post-Unisys employment at Lexis/Nexis and Olympus. *See* Exhibit 1 to Opp. (Jackson Dep. at 5-17; 37-41). Unisys admits that Lexis/Nexis has provided W-2s for 2006 and 2007, the years in which Plaintiff was employed by Lexis/Nexis. As W-2s do not contain "substantial irrelevant confidential information such as investment income, spousal income, etc., they are a preferable form of discovery." *Id.* (citations omitted). In the interest of balancing Plaintiff's privacy interests against the Federal Rules' call for broad discovery, the Court finds that Plaintiff's W-2s will suffice for the information sought by Unisys in the income tax returns. As Unisys has not yet received a W-2 relating to Plaintiff's employment with Olympus, the Court will order Plaintiff to supply his W-2 from 2006, the year in which he was

---

[3]Unisys bears the burden of proving the Plaintiff failed to reasonably mitigate his damages. *Ford Motor Co. V. EEOC*, 458 U.S. 219, 231-32 (1982).

employed by Olympus.  *See* Exhibit 1 to Opp. (Jackson Dep. at 9-10).

Other courts in this District have pointed out cases where the moving party obtained tax returns later in discovery upon a further showing of cause.  *See Haas*, 2009 WL 2030567 at *1 (citations omitted) (denying motion to compel production of tax returns but ordering production of W-2s and suggesting tax returns might be compelled at later date).  For instance, in *Terwilliger v. York Intern. Corp.*, the court advised the moving party to alert the court if it learned through further discovery that the opposing party earned additional income.  176 F.R.D. 214, 218 (W.D. Va. 1997) (denying defendant's motion to compel production of tax returns where W-2s would suffice, despite defendant's pursuit of information relating to additional income that might not be disclosed on a W-2 form).  Similarly, in *Allioti v. Vessel SENORA*, if the defendant had reason to believe the information provided was untruthful or incomplete, the court noted that it would "consider a renewed motion on shortened time to require disclosure." 217 F.R.D. 496, 498 (N.D. Cal. 2003) (denying motion to compel production of tax returns). However, any such motion would require an objective showing of cause, "not sheer speculation." *Id.*

The Court exhorts Unisys to bear this line of reasoning in mind.  Plaintiff has already testified that he did not have "any sources of income" between 2007 (the year of his termination from Lexis/Nexis) and present.  While it is true that non-wage income would not appear on Plaintiff's W-2s, Unisys has offered the Court absolutely no evidence that Plaintiff received any such non-wage income (such as from gambling or day trading) subsequent to his termination

from Unisys.[4]  Exhibit 1 to Opp. (Jackson Dep. at 45); *see* Opp. at 5.  *See Terwilliger*, 176 F.R.D. at 218.  Should further discovery reveal evidence suggesting the need for more of Plaintiff's personal information, both relevant to the case and not easily obtained outside of his tax returns, Unisys may return to the Court with such a request.  *See Haas*, 2009 WL 2030567 at *2.

## IV.    CONCLUSION

Accordingly, Unisys' Motion to Compel is DENIED.  Plaintiff is, however, ordered to provide W-2s for the period of his employment with Olympus within 10 days of the date of this order.  Should Plaintiff fail to provide these W-2s within the stated deadline, the Order shall be amended to compel production of income tax returns for that time period.  Should Unisys find upon further discovery that Plaintiff's income information remains incomplete, the Court is amenable to a renewed motion to compel, pending Unisys' objective showing of good cause.  An appropriate Order follows.

---

[4]Plaintiff does not cite any testimony definitively denying any non-wage income, but states that "Defendant did not ask about such speculative endeavors in plaintiff's deposition." Opp. at 5.  Indeed, Defendant has cited no evidence of any such endeavors.